UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ADAM ROSS PEHRINGER, Sr.,<br><br>     Plaintiff,<br><br>  v.<br><br>ERIK LEHTINEN,<br><br>     Defendant. | Case No. 1:22-cv-00370-BLW<br><br>**INITIAL REVIEW ORDER**<br>**BY SCREENING JUDGE** |

   Plaintiff Adam Ross Pehringer, Sr., (Plaintiff) filed a pro se prisoner Complaint that is subject to screening because of his status as a prisoner and request for in forma pauperis status. Dkts. 3, 1. He has also filed a Motion for Request of Change of Relief Sought. Dkt. 6. The Court now reviews the Complaint to determine whether it should be summarily dismissed in whole or in part under 28 U.S.C. §§ 1915 and 1915A. Having reviewed the record, and otherwise being fully informed, the Court enters the following Order dismissing the Complaint.

## REVIEW OF COMPLAINT

### 1. Factual Allegations

   Plaintiff is a prisoner in the custody of the Idaho Department of Correction (IDOC). Plaintiff asserts that, in his state criminal case, Erik Lehtinen, the state appellate public defender, did not take steps to represent him in the appeal of his criminal

judgment. He seeks an order granting him parole and an award of monetary damages.[1]
Dkts. 3, 6.

### 2.  Standard of Law for Summary Dismissal

The Court is required to review complaints filed in forma pauperis, or complaints filed by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity, to determine whether summary dismissal is appropriate. The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(d)(2) & 1915A(b).

A complaint fails to state a claim for relief under Rule 8 of the Federal Rules of Civil Procedure if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### 3.  Discussion

Plaintiff desires to sue the state appellate public defender because Plaintiff believes the public defender should have represented him on appeal of his state criminal case. Plaintiff has failed to state a claim against Defendant.

---

[1] A change in status from imprisonment to parole is not an available remedy in a civil rights action. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 2**

In *West v. Atkins*, 487 U.S. 42 (1988), the United States Supreme Court reiterated its earlier holding that criminal defense attorneys are not considered "state actors" under § 1983 because, in their unique function, they are not acting on behalf of the state:

> Indeed, *Polk County v. Dodson*, [454 U.S. 312 (1981)] … is the only case in which this Court has determined that a person who is employed by the State and who is sued under § 1983 for abusing his position in the performance of his assigned tasks was *not* acting under color of state law. The Court held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." 454 U.S., at 325, 102 S.Ct., at 453. In this capacity, the Court noted, a public defender differs from the typical government employee and state actor. While performing his duties, the public defender retains all of the essential attributes of a private attorney, including, most importantly, his "professional independence," which the State is constitutionally obliged to respect. *Id.*, at 321-322, 102 S.Ct., at 451. A criminal lawyer's professional and ethical obligations require him to act in a role independent of and in opposition to the State. *Id.*, at 318- 319, 320, 102 S.Ct., at 450. The Court accordingly concluded that when representing an indigent defendant in a state criminal proceeding, the public defender does not act under color of state law for purposes of § 1983 because he "is not acting on behalf of the State; he is the State's adversary." *Id.*, at 323, n. 13, 102 S.Ct., at 452, n. 13. *See also Lugar v. Edmondson Oil Co.*, 457 U.S., at 936, n. 18, 102 S.Ct., at 2753, n. 18.

*Id.* at 50 (emphasis added).

As a result, Plaintiff cannot sue the public defender under § 1983. This claim is subject to dismissal for failure to state a federal claim upon which relief can be granted.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 3**

## ORDER

**IT IS ORDERED** that the Complaint is DISMISSED for failure to state a federal claim upon which relief can be granted.

DATED: December 1, 2022

B. Lynn Winmill
U.S. District Court Judge